UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRIENDS OF ANMALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00157-JAW |
| | ) | |
| PAUL PHIFER, Assistant Regional Director of Ecological Services for the Northeast Regional Office of the United States Fish & Wildlife Service, *et al.*, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00327-JAW |
| | ) | |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO CONSOLIDATE CASES** [1]

In these actions, Plaintiffs challenge Defendants' November 2014 decision to issue an incidental take permit to the Maine Department of Inland Fisheries and Wildlife for Canada lynx. The matter is before the Court on unopposed motions to consolidate the cases for purposes of pretrial merits briefing and trial. (Case No. 1:15-157, ECF No. 63; Case No. 1:15-327, ECF No. 10.) The Court grants the motions.

---

[1] The Court referred the motions. Because the motions are not dispositive of any issue in the cases, the referred motions are addressed by order, pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1)(A).

**Background**

In November 2014, Defendant U.S. Fish and Wildlife Service granted an incidental take permit to the Maine Department of Inland Fisheries and Wildlife, which permit authorizes the take of Canada lynx.  In Case No. 1:15-cv-00327, commenced on August 17, 2015, the Center for Biological Diversity, the Wildlife Alliance of Maine, and the Animal Welfare Institute assert four claims:

1. That issuance of the permit violated the Endangered Species Act (ESA) and the Administrative Procedures Act (APA) by, inter alia, failing to impose conditions that will mitigate take to the maximum extent practicable.

2. That issuance of the permit violated the ESA and the APA by, inter alia, failing to minimize take to the maximum extent practicable.

3. That issuance of the permit violated the ESA and the APA by, inter alia, failing to ensure adequate funding for the mitigation and minimization plan.

4. That issuance of the permit violated the National Environmental Policy Act because Defendants failed to prepare an environmental impact statement for the permit.

(Center for Biological Diversity, *et al.*, Complaint ¶¶ 68 – 76.)

In Case No. 1:15-cv-00157, commenced January 22, 2015, Friends of Animals similarly asserts that issuance of the permit violated the ESA and the APA because the permit does not ensure that the incidental take of Canada lynx would be minimized to the maximum extent practicable.  (Friends of Animals Complaint ¶¶ 6, 63 – 69.)

**Discussion**

Federal Rule of Civil Procedure 42, which governs the consolidation of actions, provides in relevant part:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Consolidation is designed to avoid the burdens associated with overlapping or sequential trials involving repetitive evidence, including the duplicative costs that one or more of the parties might incur, and the unnecessary expenditure of limited court time in pretrial management and trial of parallel cases or common issues.  *Arroyo v. Chardon*, 90 F.R.D. 603, 605 (D.P.R. 1981); *In re Viatron Computer Sys. Corp. Litig.*, 86 F.R.D. 431 (D. Mass. 1980); *see also Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (observing that the presence of common parties is an important factor for consolidation).

A review of the pleadings in the instant action reveals that consolidation is appropriate.  The Fish and Wildlife Service is a defendant in both cases; both cases present identical issues of both law and fact; and the procedural posture of the cases is sufficiently similar.  Judicial economy and the interests of the parties (as evidenced by the lack of objection to the consolidation request), therefore, would plainly be served through consolidation.

## Conclusion

 Based on the foregoing analysis, the Court grants the motions to consolidate. Currently, a telephonic status conference is schedule in docket 1:15-cv-157 for November 6, 2015, at 11 a.m.  The Court will proceed with the conference with the participation of all of the parties in the consolidated action.

## CERTIFICATE

Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of October, 2015.